## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **HENRY BARROW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Case No.   04-161-JPG** |
| | ) | |
| **DR. VALLABHANENI, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>REPORT AND RECOMMENDATION</u>

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Vallabhaneni's motion to dismiss (Doc. No. 19). The motion targets the gross negligence claim asserted in Count II, which alleges that Vallabhaneni violated Illinois state tort law by failing to provide treatment for plaintiff's severe mental illness during his confinement at Menard Correctional Center. Vallabhaneni argues that Count II fails to state a valid claim for relief because plaintiff did not attach to his Amended Complaint the affidavit of merit required by 735 ILCS 5/2-622. The motion is opposed (Doc. No. 23).

Vallabhaneni filed his motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The first step in evaluating the sufficiency of a pleading is to give pro se allegations a liberal interpretation, accept as true all well-pleaded facts, and draw all inferences in favor of the plaintiff. The second step is to determine whether the allegations put the defendants on notice that plaintiff is asserting a state law tort claim without ruling out the possibility that the defendants violated the applicable legal standard. That is, dismissal is usually proper only if it is "beyond doubt" that plaintiff could prove no set facts consistent with his complaint that would entitle him to relief. *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998). Because there is an additional pleading requirement for certain state law claims under § 2-622 of the Illinois Code of Civil

Procedure, those who challenge the sufficiency of medical care in Illinois courts must attach a statement of merit from a health care professional who has reviewed the claim and finds that the claim has merit. *See Brandt v. Boston Scientific Corp.*, 204 Ill.2d 640, 643 (Ill. 2003). The state statutory requirement is treated as substantive law under the *Erie* doctrine. *See Erie RR Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Sherrod v. Lingle*, 223 F.3d 605 (7th Cir. 2000)("[t]o minimize frivolous malpractice suits, Illinois law requires the plaintiff to file a physician's certificate of merit and accompanying report with every malpractice complaint."). Hence, plaintiff must provide a certificate of merit in order to proceed on Count II in this Court.

Plaintiff suggests that it is virtually impossible for a prisoner to obtain a certificate of merit. The Court acknowledges that plaintiff may have some difficulty obtaining review and a certificate of merit. However, because plaintiff has access to his medical records and postal services, the Court is not persuaded that compliance is impossible. See 20 Ill. Admin. Code Parts 107, 525, 430.

IT IS RECOMMENDED that defendant Vallabhanini's motion to dismiss (Doc. No. 19) be GRANTED as follows. Count II of plaintiff's Amended Complaint should be DISMISSED without prejudice and with leave to amend within 60 days to include a supporting affidavit.

**SUBMITTED:   July 29, 2005  .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE**