#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY BARROW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil Case No.   04-161-JPG |
| | ) |
| DR. VALLABHANENI, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Vallabhaneni's motion to dismiss Count III (pt of Doc. No. 19). The motion targets plaintiff's allegations that Vallabhaneni failed to provide adequate and humane mental health care and services during plaintiff's confinement at Menard Correctional Center. Vallabhaneni argues that Count III fails to state a valid claim for relief because the referenced portion of the Illinois Mental Health and Developmental Disabilities Code does not create an independent cause of action. 405 ILCS 5/2-102. Plaintiff responds that Vallabhaneni has mischaracterized Count III. He describes Count III as a Fourteenth Amendment due process claim based on a deprivation of a state-created liberty interest in adequate mental health care (Doc. No. 23).

Because plaintiff prepared his Amended Complaint without the assistance of counsel, the Court will give the allegations a liberal interpretation, accept well-pleaded facts as true and draw all inferences in favor of the plaintiff. So viewed, plaintiff's allegations put defendant Vallabhanini on notice that Count III asserts a § 1983 due process claim based on a deprivation of a state-created liberty interest in adequate mental health care. Defendant Vallabhanini has not challenged the

sufficiency of that claim.

      IT IS RECOMMENDED that defendant's motion to dismiss Count III (pt. of Doc. No. 19) be DENIED.

      **SUBMITTED:**   <u>December 28, 2005</u>   .

                                      *<u>s/Philip M. Frazier</u>*
                                      **PHILIP M. FRAZIER**
                                      **UNITED STATES MAGISTRATE JUDGE**