# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY BARROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL CASE NO.  04-161-JPG |
| ) | |
| DR. VALLABHANENI, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for an order directing an assessment by an outside psychologist. Plaintiff seeks an independent determination of his mental health pursuant to Rule 35 of the Federal Rules of Civil Procedure. The motion is opposed.

The severity of plaintiff's mental status in 2002 and 2003 is at issue in this case. However, plaintiff has neither specified the nature of the examination sought nor identified the person by whom the examination is to be made. Accordingly, his Rule 35 request for a mental examination is incomplete.

To the extent plaintiff seeks appointment of an expert, the Court is not persuaded that appointment is appropriate in this case. Pursuant to Rule 706(b), the compensation of a Court appointed expert is "paid by the parties in such proportion and at such times as the court directs, and thereafter charged in like manner as other costs." Fed. R. Civ. P. 706(b). The Court has discretion to apportion all the costs of an expert to one side. *Ledford v. Sullivan*, 105 F.3d 354, 360 (7th Cir. 1997). Because plaintiff is indigent, it is presumed that he expects the defendant to shoulder the entire expense of a court appointed expert.

It is not clear that a mental health expert could examine plaintiff now and form an opinion regarding the severity of his condition in 2002 and 2003. Moreover, the materials on file suggest that at least three experts (Drs. Vallabhaneni, Hall-Davis, and Baig) examined plaintiff during or near the relevant time period. Another examination would not substantially aid the Court or a jury in resolving the issues presented. Accordingly, the Court declines appoint an expert and burden the defendant with full responsibility to pay for an additional expert examination. Plaintiff's motion (Doc. No. 47) is DENIED.

Also pending are plaintiff's motions for leave to amend and join parties for a just adjudication. Plaintiff seeks to add claims against three additional defendants, claiming that they interfered with his medical and mental health needs by cancelling his medication. It appears that the conduct described occurred in 2002 and/or 2003. The motion is opposed.

The rule governing amendments to the complaint demands that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Plaintiff revised his pleading once as a matter of right in April, 2004 (Doc. No. 6). It is not clear why he did not add his claims against Drs. Ahmed, Baig and Harper at that time. The proposed claims are likely barred by the applicable 2-year limitation period and therefor futile. Moreover, because discovery has closed and the dispositive motion deadline has expired, amendment at this time would result in prejudice to the new parties or create substantial delay, which would deprive defendant Vallabhaneni of a timely decision. Accordingly, these motions (Doc. Nos. 48, 50) are DENIED. *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir.1993).

Also pending is plaintiff's motion for leave to supplement his response to defendant's motion for summary judgment and defendant's motion to strike the supplemental response. Plaintiff filed his motion for summary judgment on January 9, 2006. Defendant filed his motion for summary

judgment on February 9, 2006, and notified plaintiff of his obligation to respond.  Pursuant to Local Rule, plaintiff had 30 days to respond to defendant's motion.  SDIL-LR 7.1(c).

Plaintiff filed his response in a timely manner on February 27, 2006.  On March 8, 2006, defendant replied *and* submitted additional evidence supporting his position (Doc. No. 42).  He also sought leave to file a longer reply.  Plaintiff filed a sur-reply *and* submitted additional evidence on March 23, 2006.

On April 5, 2006, plaintiff sought leave to file a supplemental response.  The supplemental response was filed by the Clerk before ruling was made (Doc. No. 52).

Sur-replies are not permitted.  SDIL-LR 7.1(c).  However, because defendant submitted additional evidence with his reply, plaintiff will be allowed to supplement his response.  Plaintiff's sur-reply (Doc. No. 46) is ACCEPTED as the supplemental response.  Plaintiff's request to file a further supplement (Doc. No. 51) is DENIED.  Defendant's motion to strike that supplement (Doc. No. 58) is GRANTED and the supplement (Doc. No. 52) is ORDERED STRICKEN.  Because the Court is not persuaded that additional argument will clarify the issues, defendant's motion to file a reply in excess of the page limit (Doc. No. 43) is DENIED.

Also pending are plaintiff's motion to stay the summary judgment proceedings and for leave to pursue discovery.  Plaintiff seeks to propose interrogatories in an effort to discover facts supporting his claims.  Because plaintiff had a reasonable opportunity to prepare and serve interrogatories before the discovery deadline expired, this motion (Doc. No. 49) is DENIED.

**IT IS SO ORDERED.**

**DATED:      May 9, 2006       .**

        *s/Philip M. Frazier*
        **PHILIP M. FRAZIER**
        **UNITED STATES MAGISTRATE JUDGE**